UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SHATONDRA TEAGUE,

     Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

CONVEY HEALTH SOLUTIONS, INC., a Florida
for-profit corporation,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, SHATONDRA TEAGUE, ("TEAGUE"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendant, CONVEY HEALTH SOLUTIONS, INC., a Florida for-profit corporation, (hereinafter "CONVEY HEALTH"), and states as follows:

**INTRODUCTION**

1. This is an action to recover minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, CONVEY HEALTH was an "enterprise engaged in commerce." At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated business engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, CONVEY HEALTH operated a healthcare technology company Plaintiff engaged in work that involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant' businesses, and moved in interstate commerce. This included technology equipment, medical supplies and accessories, and a variety of other materials used in this business which was manufactured outside of the State of Florida.

4. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce. The Plaintiff used instrumentalities of interstate commerce (mail, faxes, email and telephone calls) to, *inter alia,* assist in the operating of the Defendant's healthcare technology company, which does a great deal of business over the internet and has customers/vendors/contractors throughout the United States.

5. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendant are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendant are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendant were and continue to be a corporation doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, TEAGUE was "employee" of the Defendant within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, CONVEY HEALTH was conducting its business in Pompano Beach, Broward County, Florida, with its principal place of business in that city.

11. At all times material hereto, Defendant, CONVEY HEALTH was the employer of Plaintiff, TEAGUE.

12. At all times material hereto, Defendant, CONVEY HEALTH was and continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant, CONVEY HEALTH knowingly, maliciously and willfully failed to pay Plaintiff, TEAGUE her lawfully earned wages in conformance with the FLSA.

14. Defendant, CONVEY HEALTH committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, CONVEY HEALTH was and continues to be an "enterpris engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, TEAGUE was directly essential to the businesses performed by Defendant.

17. Plaintiff, TEAGUE has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about February 25, 2019, Plaintiff, TEAGUE began working for the Defendant as a shipping coordinator.  Her employment ended on about April 8, 2019.

19. The Defendant failed to pay TEAGUE any wages for her final workweeks.

20. Defendant knowingly, maliciously and willfully operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

21. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

22. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff's employment with Defendant was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

24. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

25. Plaintiff worked hours for the Defendant for which she was paid below the statutory minimum wage.

26. Plaintiff, TEAGUE worked hours for CONVEY HEALTH for which she was paid no wages at all.

27. The Defendant' failure to pay Plaintiff the proper minimum wage was willful.

28. As a direct and proximate result of Defendant' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:  May 7, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
      PETER BOBER
      FBN:  0122955
      SAMARA ROBBINS BOBER
      FBN: 0156248